Lawrence Brewster
Regional Solicitor
**Daniel J. Chasek**, (CSBN #186968)
Associate Regional Solicitor
Office of the Solicitor (Sol#0717908)
United States Department of Labor
350 So. Figueroa St., Suite 370
Los Angeles, California 90071-1202
    Telephone: (213) 894-4225
    Facsimile: (213) 894-2064
chasek.daniel@dol.gov

Attorneys for the Plaintiff

E-FILED 12/11/08

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELAINE L. CHAO**,<br>  Secretary of Labor,<br>  United States Department of Labor,<br><br>              Plaintiff,<br><br>            v.<br><br>**EHH 26, Inc. doing business as Slauson Car Wash,** a California Corporation; **Eshagh Malekan,** Individually and as Managing Agent of the Corporate Defendant; **Frank Wasiri**, Individually and as Managing Agent of the Corporate Defendant<br><br>            Defendants. | Case No. CV08-07906 PSG (RZx)<br><br>**CONSENT JUDGMENT** |

Plaintiff Elaine L. Chao, Secretary of Labor, United States Department of Labor ("Secretary") and defendants EHH 26, Inc. doing business as Slauson Car Wash, a California corporation, Eshagh Malekan and Frank Wasiri, individually and as managing agents of the corporate defendant (collectively, "Defendants"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent

Judgment in accordance herewith:

A. The Secretary has filed a Complaint alleging that Defendants violated provisions of Sections 15(a)(2), 15(a)(4), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 215(a)(2), 215(a)(4) and 215(a)(5).

B. Defendants have appeared and (after having been advised by Plaintiff of the right to retain the assistance of defense counsel) acknowledge receipt of a copy of the Secretary's Complaint.

C. Defendants waive issuance and service of process and waive answer and any defenses to the Secretary's Complaint.

D. The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

E. Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that the Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a)(2), 15(a)(4), and 15(a)(5) of the FLSA, 29 U.S.C. §§215(a)(2), 215(a)(4) and 215(a)(5), in any of the following manners:

1. Defendants shall not, contrary to FLSA § 6, 29 U.S.C. § 206, pay any employee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), wages at a rate less than $6.55 an hour (or less than the applicable minimum rate as may hereafter be established by amendment to the FLSA).

2. Defendants shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

3. Defendants shall not, contrary to FLSA §§ 12(c) and 15(a)(4), 29 U.S.C. §§ 212(c) and 215(a)(4), employ any oppressive child labor, as defined in or pursuant to FLSA § 3(l), in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s).

4. Defendants shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

5. Defendants, jointly and severally, shall not continue to withhold the payment of $64,732.47 in minimum wage and overtime pay hereby found to be due under the FLSA to 38 employees, as a result of their employment by Defendants during the period of May 1, 2006 through February 7, 2008 as set forth in the attached Exhibit 1, showing the name of each employee and listing on the same line the gross backwage amount due the employee and the period covered by the Consent Judgment.

6. Defendants shall pay the backwages, plus 3% annual interest on the outstanding balance starting from December 15, 2008 until the backwages required under this Judgment are paid in full, as set forth in paragraph 7 below (and as set forth in the

attached Exhibit 2). Each payment shall be made by a certified or cashier's check or money order with the firm name and "BWs + Interest" written on each, payable to the order of the "Wage & Hour Div., Labor," and delivered to the U.S. Department of Labor, Wage and Hour Division, 915 Wilshire Blvd. Suite 960, Los Angeles, CA, 90017, on or before the date the payment is due.

7. Defendants shall deliver to the Wage and Hour Division, United States Department of Labor, 915 Wilshire Blvd. Suite 960, Los Angeles, CA, 90017, the following:

   a. On or before December 15, 2008, a schedule in duplicate bearing the firm name, employer identification number(s), address, and phone number of the Defendants and showing the name, last known (home) address, social security number, and gross backwage amount for each person listed in the attached Exhibit 1;

   b. On or before December 15, 2008, and again on or before the 15th day of each of the 14 months thereafter, a certified or cashier's check or money order with the firm name and "BWs + Interest" written on each, payable to the order of the "Wage & Hour Div., Labor," in the amounts reflected on Exhibit 2;

   c. In the event of a default in the timely making of any of the payments specified herein, the full amount under the backwage provisions of this Judgment which then remains unpaid, plus interest at the rate of ten percent (10%) per year, from the date of this Judgment until the full amount of this Judgment is paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last business address of the Defendants then known to the Secretary;

   d. There will be no pre-payment penalty in the event the Defendants pay the full amounts due under the monetary provisions of this Judgment prior to the dates set forth above.

8. The Secretary shall allocate and distribute the remittances, or the proceeds thereof, less deductions for employees' share of social security and withholding taxes to

1  the persons named in the attached Exhibit 1, or to their estates if that be necessary, in her
2  sole discretion, and any money not so paid within a period of three years from the date
3  of its receipt, because of an inability to locate the proper persons or be-cause of their re-
4  fusal to accept it, shall be then deposited in the Treasury of the United States, as miscel-
5  laneous receipts, pursuant to 29 U.S.C. § 216(c); and, it is further

ORDERED that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit 1 nor as to any employee named on the attached Exhibit 1 for any period not specified therein; and, it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and, it is further

ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated: _12/10/08.                               __**PHILIP S. GUTIERREZ**_
                                                 U.S. DISTRICT COURT JUDGE

For the Defendants:

Each defendant hereby appears, waives any defense herein, consents to the entry of this Judgment, and waives notice by the Clerk of Court:

For: EHH 26, Inc. DBA Slauson Car Wash

By: _____     _____
     Authorized Agent                                         Date

Its: _____

_____     _____
ESHAGH MALEKAN                                        Date

_____     _____
FRANK WASIRI                                               Date

_____     _____
Jack Zakariaie, Esq.                                       Date
ZAKARIAIE & ZAKARIAIE
Attorneys for the Defendants

For the plaintiff:

GREGORY F. JACOB
Solicitor of Labor

LAWRENCE BREWSTER
Regional Solicitor

_____     _____
DANIEL J. CHASEK                                      Date
Acting Associate Regional Solicitor
Attorneys for the Plaintiff

## Exhibit 1

| Name | Period Covered Hereby | Amount |
|---|---|---:|
| ARJAMOSA, Arleen | 07/07/2007 – 01/26/2008 | $ 2,183.62 |
| BRITO, Abraham | 08/19/2006 – 01/26/2008 | 230.08 |
| CAZARES, Pablo | 05/19/2006 – 05/19/2007 | 89.14 |
| ERESTO-TADEO, Alvaro | 05/13/2006 – 01/26/2008 | 2,300.53 |
| ESPARZA, Ivan | 10/20/2007 – 01/26/2008 | 406.01 |
| ESTRADA, Javier | 12/09/2006 – 09/15/2007 | 1,652.69 |
| ESTRADA, Maria D. | 05/13/2006 – 01/26/2008 | 1,126.00 |
| EUAN, Jesus | 08/04/2007 – 01/26/2008 | 2,207.22 |
| FIERRO, Antonio | 05/13/2006 – 01/26/2008 | 4,349.65 |
| FIERRO, Gabriel | 02/24/2007 – 06/09/2007 | 284.46 |
| FLORES, Roberto | 05/13/2006 – 12/16/2006 | 1,088.40 |
| GARCIA, Raymundo | 05/13/2006 – 01/26/2008 | 2,339.02 |
| GARCIA, Jr., Benjamin | 09/23/2006 – 08/18/2007 | 202.72 |
| GARZA, Elvia | 09/09/2006 – 09/15/2007 | 2,305.33 |
| GARZA, Maria | 05/13/2006 – 04/21/2007 | 2,121.45 |
| GUTIERREZ, Antonio | 05/13/2006 – 03/31/2007 | 1,261.67 |
| HERNANDEZ, Alberto | 06/02/2007 – 01/26/2008 | 3,262.13 |
| HERNANDEZ, David | 05/13/2006 – 01/26/2008 | 3,977.48 |
| HERRERA-BARBOSA, Justo | 05/13/2006 – 01/26/2008 | 1,189.32 |
| IBARRA, Juan M. | 08/19/2006 – 01/26/2008 | 1,824.37 |
| LOPEZ, Salvador | 11/25/2006 – 08/18/2007 | 1,196.91 |
| MELENDEZ, Jacinto | 08/19/2006 – 01/26/2008 | 3,359.00 |
| MONTIEL, Luis | 06/02/2007 – 12/29/2007 | 3,311.17 |
| MOSYVAIS, Jose | 07/15/2006 – 01/26/2008 | 3,023.69 |
| ORTEGA, Victor | 05/13/2006 – 11/10/2007 | 1,760.12 |

# Exhibit 1

| Name | Period Covered Hereby | Amount |
|---|---|---|
| **ORTIZ, Alvaro** | **06/02/2007 - 06/23/2007** | **$ 638.68** |
| **PEREZ, Francisco** | **06/30/2007 – 07/14/2007** | **119.89** |
| **POOT, Jose** | **05/13/2006 – 01/26/2008** | **5,685.59** |
| **RAMIREZ, Guadalupe** | **05/19/2006 – 01/26/2008** | **1,858.62** |
| **REYES, Antonio** | **08/18/2007 – 09/15/2007** | **38.02** |
| **RODRIGUEZ, Adelson** | **03/31/2007 – 01/26/2008** | **900.36** |
| **SANCHEZ, Refugio** | **05/13/2006 – 06/30/2007** | **1,645.50** |
| **TORRES, Joel** | **07/07/2007 – 09/15/2007** | **115.42** |
| **TRAHAN, Bobby** | **08/04/2007 – 01/26/2008** | **610.77** |
| **Uc PECH, Felipe** | **05/13/2006 – 08/11/2007** | **1,447.15** |
| **VARGAS, Alejandro** | **08/19/2006 – 12/29/2007** | **3,275.76** |
| **YAM, Augustin** | **05/13/2006 – 01/26/2008** | **1,164.52** |
| **ZAFRA, Antonio** | **06/16/2007 – 08/30/2007** | **143.01** |

## Exhibit 2

| Payment No. | Date Due | Amount Due | Interest Due | Total Due |
|---|---|---|---|---|
| 1 | 12/15/2008 | $4,315.50 | $19.44 | $4,334.94 |
| 2 | 01/15/2009 | $4,315.50 | $14.09 | $4,329.59 |
| 3 | 02/15/2009 | $4,315.50 | $34.03 | $4,349.53 |
| 4 | 03/15/2009 | $4,315.50 | $53.34 | $4,368.84 |
| 5 | 04/15/2009 | $4,315.50 | $111.20 | $4,426.70 |
| 6 | 05/15/2009 | $4,315.50 | $14.05 | $4,329.55 |
| 7 | 06/15/2009 | $4,315.50 | $57.40 | $4,372.90 |
| 8 | 07/15/2009 | $4,315.50 | $88.57 | $4,404.07 |
| 9 | 08/15/2009 | $4,315.50 | $117.10 | $4,432.60 |
| 10 | 09/15/2009 | $4,315.50 | $84.53 | $4,400.03 |
| 11 | 10/15/2009 | $4,315.50 | $147.38 | $4,462.88 |
| 12 | 11/15/2009 | $4,315.50 | $194.47 | $4,509.97 |
| 13 | 12/15/2009 | $4,315.50 | $115.45 | $4,430.95 |
| 14 | 01/15/2010 | $4,315.50 | $113.31 | $4,428.81 |
| 15 | 02/15/2010 | $4,315.47 | $130.28 | $4,445.75 |
| Totals: | | $64,732.47 | $1,294.64 | $66,027.11 |